```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

|                              |   |                       |
|------------------------------|---|-----------------------|
| UNITED STATES OF AMERICA,    | ) |                       |
|                              | ) |                       |
|     Plaintiff,               | ) |                       |
|                              | ) |                       |
| v.                           | ) | No. 2:10-cr-20193-JPM |
|                              | ) |                       |
| JAMES THOMAS CRIBBS,         | ) |                       |
|                              | ) |                       |
|     Defendant.               | ) |                       |

**ORDER ADOPTING IN PART AND OVERRULING IN PART MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant James Thomas Cribbs' ("Defendant") Motion to Suppress and Incorporated Memorandum of Law and Fact ("Mot. to Supp.") (Docket Entry ("D.E.") 25), filed October 5, 2010.

The Court referred the Motion to the Magistrate Judge for Report and Recommendation. (D.E. 26.) The government filed a Response in Opposition (D.E. 28) on November 11, 2010. The Magistrate Judge held an evidentiary hearing on November 23, 2010. The government called two witnesses at the hearing: (1) Special Agent Steve Wiley of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and (2) Chief Investigator Terry McCreight of the Dyer County Sheriff's Office. Defendant testified on his own behalf.

Following the evidentiary hearing, the Magistrate Judge requested that the parties supplement their briefs to respond to the issue of whether knowledge of an order of protection is imputed to law enforcement officers once the order has been filed with a law enforcement agency. After considering the parties' supplemental briefs, on February 11, 2011, the Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Suppress (D.E. 40) recommending that the motion be denied.

Defendant filed a motion to supplement the record and reopen proof regarding his motion to suppress on April 12, 2011. (D.E. 53.) The Magistrate Judge held an evidentiary hearing on June 13, 2011, continued until July 26, 2011, in which the Defendant called one witness: Kenneth Blue, the Information Manager of the Tennessee Bureau of Investigations. On August 22, 2011, the Magistrate Judge issued an Amended Report and Recommendation on Defendant's Motion to Suppress ("Am. Rep. & Rec.") (D.E. 92), this time recommending Defendant's motion be granted.

The government filed Objections to the Magistrate Judge's Amended Report and Recommendation ("Gov't's Objs.") (D.E. 96) on September 12, 2011. This Court held a hearing on September 26 2011, to consider the government's objections. At the hearing,

the government called one witness, Investigator McCreight, to testify.

After de novo review, the Court ADOPTS IN PART and OVERRULES IN PART the Magistrate Judge's Amended Report and Recommendation and DENIES Defendant's Motion to Suppress.

## I. Background

Defendant was indicted on four counts of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). (D.E. 1.) He seeks to suppress evidence obtained in a warrantless search of his residence at 473 Cribbs Road, Dyersburg, Tennessee, on June 3, 2009. (Mot. to Supp. 1.) Specifically, Defendant seeks to suppress as evidence four firearms found in a safe within the residence. (Id.)

On June 2, 2009, Defendant's son, Johnny Cribbs, contacted the ATF to report that Defendant was acting erratically and was in possession of firearms. (Nov. 23, 2010 Supp. Hr'g Tr. ("Nov. 23 Tr.") 9-10.) Johnny Cribbs informed the ATF that he lived at 473 Cribbs Road and that his father's firearms were in a safe inside the residence. (Id. at 10.)

Also on June 2, 2009, Defendant petitioned the Dyer County Chancery Court for an order of protection against Johnny Cribbs. (Id. at 64-65.) The protective order states that Johnny Cribbs is not allowed near Defendant's residence. (Ex Parte Order of Protection (D.E. 25-1).) The protective order lists Johnny

3

Cribbs' address as 473 Cribbs Road, Dyersburg, Tennessee, and indicates that Cribbs and Defendant "lived together or have lived together," but does not provide an address for Defendant. (Id. at 1.) The Dyer County Sheriff's Office received the protective order at 5:30 p.m. on June 2, 2009, and entered the order into its information systems at 5:31 p.m. that same day. (Am. Rep. & Rec. 6.)

On June 3, 2009, Agent Wiley, Chief Investigator McCreight, and Investigator Chris Gorman went to 473 Cribbs Road. (Nov. 23 Tr. 10.) They arrived at the property at approximately 12:55 p.m. (Id. at 13.) Johnny Cribbs was at the residence and consented to a search of the home. (Id. at 14.) The officers were unaware that Defendant had obtained an order of protection against Johnny Cribbs the day before. (Id. at 30, 55.) Investigator McCreight testified at the November 23, 2010 evidentiary hearing that he has been with the Dyer County Sheriff's Department for twenty-two years, knew Defendant[1] and Johnny Cribbs, and knew that Johnny Cribbs previously lived at 473 Cribbs Road with Defendant. (Id. at 43, 47.) Based on this knowledge and Johnny Cribbs' presence in the residence, the officers believed Johnny Cribbs had the authority to consent to a search of property. (See id. at 47–48.)

---

[1] Defendant is the former Sheriff of Dyer County.

4

Johnny Cribbs let the officers into the home and showed them a gun safe. (Id. at 14.) Johnny Cribbs entered a combination into the safe's electronic keypad, opened the safe, and identified four firearms within the safe as belonging to Defendant. (Id. at 14-15.) The officers seized the firearms. (Id. at 20-21.) Fifty minutes after the officers finished their search of 473 Cribbs Road, Johnny Cribbs was served with Defendant's order of protection. (See Ex Parte Order of Protection 2; Am. Rep. & Rec. 5.)

Defendant owns two houses on Cribbs Road: 473 Cribbs Road and 383 Cribbs Road. (Nov. 23 Tr. 71, 76.) The residence at 473 Cribbs Road is closest to the roadway; the residence at 383 Cribbs Road sits 100 to 150 yards behind the 473 Cribbs Road home. (Id. at 11.) On the day of the search Johnny Cribbs told the officers that Defendant was residing at 383 Cribbs Road. (Id.) Defendant's driver's license lists his address as 383 Cribbs Road. (Id. at 71.) At the evidentiary hearing held on September 26, 2011, the government introduced into evidence six booking and in-take sheets from the Dyer County Sheriff's Office's records dating from January 11, 2000 to June 18, 2011. (Sept. 26 Mot. to Suppress Hr'g Collective Ex. 1.) Each form listed Defendant's address as 383 Cribbs Road. (Id.) At the November 23, 2010 evidentiary hearing, Cribbs testified that he

moved from 383 Cribbs Road to 473 Cribbs Road in January of 2009. (Nov. 23 Tr. 72.)

## II. Standard of Review

"A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations. 28 U.S.C. §636(b)(1)(C). The Court is not required to review those aspects of the Report and Recommendation to which no objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The Court should adopt the findings and recommendations to which there is no objection. Id.; see also United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

## III. Analysis

The Magistrate Judge recommended that Defendant's Motion to Suppress be granted. (Am. Rep. & Rec. 3.) In doing so, the Magistrate Judge proposed the following conclusions: (1) the Dyer County Sherriff's Office had actual knowledge of Defendant's order of protection against Johnny Cribbs; (2) the knowledge of the protective order is imputed to the officers who conducted the search of 473 Cribbs Road; (3) the imputed knowledge of the protective order makes the officers' reliance on Johnny Cribbs' apparent authority to consent to a search of

473 Cribbs Road unreasonable; and (4) the officers' search of 473 Cribbs Road violated Defendant's Fourth Amendment rights. (Id. at 12.)

**A. Government's Objections to Proposed Findings of Fact**

The government objects to two of the Magistrate Judge's proposed findings of fact. First, the government objects to the Magistrate Judge's finding that Defendant's order of protection gave law enforcement notice that Johnny Cribbs was excluded from 473 Cribbs Road by force of law. (Gov't's Objs. 3.) The government points out that the order of protection did not specify the location of Defendant's residence and argues that "[t]hus, a law enforcement officer reading the Order of Protection would be unable to ascertain where the defendant lived." (Id.) The Court does not agree. The order of protection lists Johnny Cribbs' address as 473 Cribbs Road and indicates that Defendant and Johnny Cribbs "live together or have lived together." (Ex Parte Order of Protection 1.) An officer with knowledge of the protective order would therefore have notice that Johnny Cribbs may not be permitted to enter the residence. At the very least, knowledge of the protective order would inform an officer that further inquiry would be needed to determine whether Johnny Cribbs had authority to allow a search of 473 Cribbs Road. Accordingly, the government's objection is OVERRULED.

Second, the government submits that "the magistrate should have noted that the defendant had consistently given law enforcement authorities the residential address of 383 Cribbs Road, and 'imputed' this knowledge of the defendant's residence to the officers who conducted the search in this case." (Gov't's Objs. 5.) The Magistrate Judge did note in the Amended Report and Recommendation that Defendant's driver's license lists 383 Cribbs Road as his address and that Defendant provided police with his 383 Cribbs Road address on several prior occasions. (Am. Rep. & Rec. 5.) The investigating officers, however, had knowledge that Defendant also owned the 473 Cribbs Road residence. Investigator McCreight testified that he knew Defendant owned both homes on Cribbs Road:

> Q: Okay. And prior to June 3rd of 2009, whenever the last time was that you were out on the Cribbs property, did you come into contact with Johnny Cribbs at one of these properties or one of the Cribbs family members at one of these properties?
>
> A. I have been out there when I've been in contact with Tommy Cribbs and Johnny.
>
> Q. What property was that?
>
> A. They own that property there.
>
> Q. So which property did you –
>
> A. That one at this house [473 Cribbs Road] and one at the back house [383 Cribbs Road].

(Nov. 23 Tr. 53.) Investigator McCreight's testimony contradicts the government's contention that "as far as law enforcement

8

authorities knew . . . [Defendant] resided at 383 Cribbs Road."
(Gov't's Objs. 4.) Accordingly, the government's objection is
OVERRULED.

**B. Government's Objection to Proposed Conclusions of Law**

The government raises three objections to the Magistrate
Judge's proposed conclusions of law: (1) the knowledge of the
protective order against Johnny Cribbs should not be imputed to
the investigating officers; (2) the resolution of Defendant's
Motion to Suppress should turn on the actual knowledge of the
investigating officers at the time they received the consent to
search from Johnny Cribbs; and (3) based on the actual knowledge
of the investigating officers, the search of 473 Cribbs Road did
not violate Defendant's Fourth Amendment rights. (Gov't's Objs.
5-9.) For the reasons that follow, the Court agrees with the
government's objections and OVERRULES the Magistrate Judge's
proposed conclusions of law.

**1. Fourth Amendment Analysis**

The Fourth Amendment prohibits "unreasonable searches and
seizures." U.S. Const. amend. IV. Warrantless searches and
seizures are "per se unreasonable — subject only to a few
specifically established and well-delineated exceptions." Katz
v. United States, 389 U.S. 347, 357 (1967). One such exception
is when a person consents to the search. Schneckloth v.
Bustamonte, 412 U.S. 218, 219 (1973). Consent may be provided by

9

"a third party who possessed common authority over or other sufficient relationship to the premises [to be searched]." United States v. Matlock, 415 U.S. 164, 171 (1974). Even if the third-party lacks the actual authority to consent to a search, "there is no Fourth Amendment violation if the police conducted the search in good faith reliance on the third-party's apparent authority to authorize the search through her consent." United States v. Morgan, 435 F.3d 660, 663–64 (6th Cir. 2006). "Apparent authority is judged by an objective standard. A search consented to by a third party is nonetheless valid if the officers reasonably could conclude from the facts available that the third party had authority to consent to the search." United States v. Gillis, 358 F.3d 386, 390–91 (6th Cir. 2004).

Given the facts surrounding the search of 473 Cribbs Road the officers' reliance on Johnny Cribbs apparent authority to consent to a search of the residence was reasonable. Johnny Cribbs told the officers he lived at 473 Cribbs Road. (Nov. 23 Tr. 10.) Investigator McCreight knew Johnny Cribbs lived at the residence at one point. (Id. at 47.) Johnny Cribbs was inside the residence when the officers arrived. (Id. at 58.) There were no signs of forced entry into the home. (Id. at 59.) Johnny Cribbs knew the location to the safe and its combination. (Id. at 14-15.) These facts lead to the reasonable conclusion that

Johnny Cribbs had the authority to consent to a search of the home.

However, if Agent Wiley, Chief Investigator McCreight, or Investigator Gorman had knowledge of Defendant's protective order excluding Johnny Cribbs from Defendant's residence, the officers' reliance on Cribbs' apparent authority would be unreasonable. There is no evidence the officers' had any actual knowledge of Defendant's order of protection. Instead, Defendant relies on the theory of imputed knowledge, arguing that the existence of the order of protection entered into the Dyer County Sheriff's Office's databases should be imputed to the officers conducting the search of 473 Cribbs Road. For the reasons that follow, the Court does not agree.

### 2. The Knowledge of the Order of Protection Should Not Be Imputed to the Investigating Officers

Under the imputed or collective knowledge theory, "where law enforcement authorities are cooperating in an investigation . . . the knowledge of one is presumed shared by all." Illinois v. Andreas, 463 U.S. 765, 772 n.5 (1983). Courts apply this theory to find reasonable suspicion or probable cause based on the collective knowledge of officers cooperating in an investigation or arrest. See, e.g., Collins v. Nagle, 892 F.2d 489, 495 (6th Cir. 1989) (imputing the knowledge gathered collectively by mining investigators to the individual

investigators); United States v. Killebrew, 594 F.2d 1103, 1106 (6th Cir. 1979) (finding the collective knowledge of the arresting officers sufficient to establish probable cause); United States v. Calandrella, 605 F.2d 236, 246 (6th Cir. 1979) (same).

In the present case, the Dyer County Sheriff's Office had knowledge of Defendant's order of protection as evidenced by the entry of the order into the office's information systems. Defendant contends that the office's knowledge of the order should be imputed to the Dyer County Sheriff investigators who conducted the search of 473 Cribbs Road. Defendant seeks to extend the imputed knowledge theory too far. Unlike the cases above in which the collective knowledge of the investigating officers was imputed to individual officers, Defendant asks the Court to impute knowledge of information contained in a law enforcement database to officers conducting an investigation in the field. Defendant has not provided any case law that supports such an application of the imputed knowledge doctrine, nor has the Court found any.

The Magistrate Judge cited to Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986) to support the application of the imputed knowledge doctrine to this case. In Berndt, the Sixth Circuit suggested, in dicta, that notice of a lawsuit against the state of Tennessee could be imputed to state officials not named in

12

the suit. See id. at 884. The discussion of imputing knowledge of notice of a civil lawsuit in Berndt, however, appears inapposite to the Fourth Amendment issue before the Court. Under Fourth Amendment case law, the objective standard for analyzing the reasonableness of an officer's reliance on a third-party's apparent authority focuses on "the facts available to the officer at the moment." Illinois v. Rodriguez, 497 U.S. 177, 188 (1990). An imputed knowledge analysis, therefore, begins and ends with the actual knowledge of the investigating officers; it does not include the contents of a law enforcement database. See Calandrella, 605 F.2d at 246 ("[P]robable cause may be established from the collective knowledge of the arresting officers.")(emphasis added); see also United States v. Sutton, 794 F.2d 1415, 1426 (9th Cir. 1986) ("We look to the collective knowledge of all the officers involved in the criminal investigation . . . ."). Accordingly, the Court OVERRULES the Magistrate Judge's proposed conclusion of law that knowledge of the protective order contained in the Dyer County Sheriff's Office's records be imputed to the officers who conducted the search of 473 Cribbs Road.

**3. The Officers' Search of 473 Cribbs Road Did Not Violate Defendant's Fourth Amendment Rights.**

As discussed above, an examination of Agent Wiley, Investigator McCreight, and Investigator Gorman's actual

knowledge indicates that they reasonably relied on Johnny Cribbs' apparent authority to consent to a search of 473 Cribbs Road. There is no evidence that the investigating officers had any knowledge of Defendant's order of protection. Moreover, there is no duty requiring officers to perform a background check or records check before relying on a third-party's apparent authority to consent to a search. The officers adhered to the requirements of the Fourth Amendment and conducted a constitutionally valid search of 473 Cribbs Road. Accordingly, the Court OVERRULES the Magistrate Judge's proposed conclusions of law that the officers' reliance on Johnny Cribb's apparent authority was unreasonable and that the search of 473 Cribbs Road violated Defendant's Fourth Amendment rights.

## V. CONCLUSION

For the foregoing reasons, upon de novo review, the Court ADOPTS IN PART AND OVERRULES IN PART the Magistrate Judge's Amended Report and Recommendation. Defendant's Motion to Suppress is DENIED.

**IT IS SO ORDERED**, this 29th day of September, 2011.

_s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE